IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 22-10006-01-JWB

TOMMY L. ANDERSON, SR.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion (Doc. 50) to reconsider the court's denial of his motion to suppress.  (*See* Doc. 45.)  The government has filed a response (Doc. 54) and the motion is ripe for decision.  For the reasons stated herein, Defendant's motion to reconsider is DENIED.

**I. Background**

After Defendant filed a motion to suppress evidence (Doc. 24), the court held two evidentiary hearings, took the matter under advisement, and ultimately denied the motion in an order filed February 21, 2023.  (Doc. 45.)  The motion challenged the lawfulness of six searches by law enforcement officers.  Defendant first challenged the April 8, 2021, search of a Cadillac. The court found officers had probable cause and lawfully searched this vehicle based on an alert from a drug-sniffing dog.  (Doc. 45 at 17.) Defendant next challenged the April 21, 2021, search of his residence on Millwood Street pursuant to a warrant (the first of two such searches that day), arguing the warrant lacked particularity and permitted an impermissible general search.  The court rejected Defendant's argument that the warrant's authorization to take "photographs and

measurements" violated the Fourth Amendment's particularity requirement.  (*Id.* at 22.)  The court reached a similar conclusion with respect to the warrant's language authorizing a search for "[i]ndicia of occupancy or ownership."  (*Id.* at 23.)  In view of these findings, the court did not address whether these portions of the warrant were severable from the others, but the court did conclude that even if these provisions lacked particularity, the officers acted in good faith reliance on the warrant such that suppression of the evidence obtained in the search was not warranted.  (*Id.* at 25-26.)  Defendant next challenged a second search of the Millwood residence, also on April 15, 2021, that was based on a second warrant.  The court rejected Defendant's arguments that the second search was tainted by the two prior searches discussed above or that the second warrant lacked particularity because it contained the same "photographs and measurements" authorization. (*Id.* at 26.)  Next, Defendant challenged the August 3, 2021, search of a Chrysler following another positive alert from a drug-sniffing dog.  Although evidence showed that the driver's door of the Chrysler had been opened by an officer at some point prior to the dog sniff, the court found that the probable cause from the dog's alert – in which the dog located a magnetic box attached to the underside of the car – was obtained independently of any prior entry into the car and supported a finding that the search was reasonable.  (*Id.* at 27-28.)  Finally, the court rejected Defendant's argument that two subsequent searches of residences on Holyoke Street were tainted by any of the foregoing searches.  (*Id.* at 29.)

Defendant now argues the court should reconsider its ruling that the first Millwood warrant satisfied the particularity requirement as to "indicia of occupancy or ownership" because the court's finding that this description "could have been more detailed" in effect "conclusively invalidate[s]" the provision under the controlling legal test. (Doc. 50 at 2.)  Defendant also argues the court "misapprehends the facts" because the warrant used indicia of occupancy or ownership

in the disjunctive, and thus could apply to whatever "things that people own," or alternatively to "the rest of the quadplex that contained the South Millwood location." (*Id.* at 4-5.) Defendant also seeks reconsideration of the court's ruling concerning "photographs and measurements," arguing the court misconstrued that language in the warrant, or that the language is ambiguous and the affiant should have provided a more detailed description. (*Id.* at 6-8.) As for the court's application of the *Leon* good faith doctrine, Defendant summons four reasons why such reliance was erroneous, including the court's misapplication of what Defendant characterizes as the "same officer rule." (*Id.* at 10-13.) Next, Defendant argues the court erred in upholding the search of the Chrysler, because by opening the driver's door an officer allegedly "revealed information about the car's interior to K9 Nash, thereby tainting his positive indication and everything that followed after." (*Id.* at 14.) Defendant argues the officer's act of opening the driver's door "led to the odor of narcotics escaping the Chrysler at this particular 'seam'" and in turn caused the dog to lay down at that point. (*Id.* at 15.)

The government responds to these and the other arguments raised by Defendant's motion and argues they should be rejected, either because they are not proper subjects of a motion for reconsideration, or because the court's order correctly applied the facts and law. (Doc. 54.)

## II.  Standards

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citing *Servants of The Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000)). "Specific situations where circumstances may warrant reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal quotations marks and citation omitted.) "A motion to

reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). Nor should a motion to reconsider be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id.* (citing *United States v. Christy*, 739 F.3d 534, 539 (10th Cir.2014)).

## III. Analysis

**A. Indicia of occupancy or ownership**.  The court rejects Defendant's argument that because the court found this provision "could have been more detailed," the warrant was necessarily lacking in particularity.  Virtually any warrant description "could have" been drafted in greater detail.  That fact alone cannot and does not render a warrant invalid.  The particularity requirement has never "been understood to demand of a warrant 'technical precision,' … or 'elaborate detail,' … but only 'practical limitations' … affording 'reasonabl[e] specific[ity].'" *United States v. Christie*, 717 F.3d 1156, 1166 (10th Cir. 2013) (citations omitted.)   The court previously found, and reiterates for the same reasons previously stated, that this provision was sufficient to refute the prospect of a general search and that a reasonable officer reading the provision in context would understand it was limited to the particular items described in the warrant that could alternatively be occupied or owned, namely the residence and the Cadillac. Moreover, even if the provision could be found lacking in particularity, the suppression of evidence obtained from the search would be unwarranted.  Defendant has shown no error in the court's application of the good faith doctrine.  As noted by the Tenth Circuit:

> Even if a court ultimately determines that a warrant approved by a judge falls short of the constitutional requirements of probable cause or particularity, evidence will not be suppressed if "a law enforcement officer relies in objective good faith on a warrant issued by a detached and neutral magistrate." [*United States v. Knox*, 883 F.3d 1262, 1273 (10th Cir. 2018)] (citing *United States v. Leon*, 468 U.S. 897, 922, 104 S. Ct. 3405, 82 L.Ed.2d 677 (1984)). The exclusionary rule is not warranted in

such instances because suppressing evidence would serve no deterrent effect: "Judges and magistrates are not adjuncts to the law enforcement team; as neutral judicial officers, they have no stake in the outcome of particular criminal prosecutions. The threat of exclusion thus cannot be expected significantly to deter them." *Leon*, 468 U.S. at 917, 104 S. Ct. 3405.

*United States v. Cotto*, 995 F.3d 786, 795 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 820 (2022). The instant warrant was not "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *United States v. Leon*, 468 U.S. 897, 922-23 (1984). This provision bears no resemblance, for example, to the warrant rejected in *Groh v. Ramirez*, 540 U.S. 551, 554-57 (2004), which was "plainly invalid" because it "failed to identify any of the items that [police] intended to seize" and "provided no description of the type of evidence sought."  No case law is cited to show that this particular phrase ("indicia of occupancy or ownership") had previously been found lacking in particularity under the Fourth Amendment.  Moreover, the affiant in this case (Officer Gray) sought approval from a superior officer and from the district attorney's office before seeking and obtaining approval of the warrant from a judge. It is "the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment."  *Id*. at 920.  Under the circumstances, the officers had a substantial good faith basis for relying on the validity of this warrant.

**B. Photographs and Measurements**.  The court rejects Defendant's arguments pertaining to the warrant's authorization for "photographs and measurements" largely for the same reasons stated in its prior order.  With respect to the court's conclusion that the good faith doctrine of *Leon* applies even if this language was lacking in particularity, Defendant has attempted to stretch the court's actual holding almost beyond recognition.  (*See* Doc. 50 at 12) (identifying and attacking "two of the '[m]ost important' considerations undergirding [the court's] good-faith ruling.") What the court in fact stated was "most important" was "the language of the warrant itself," from which

a reasonable officer reading the document as a whole "could have plausibly concluded [that the provisions] were sufficiently particular to permit the officer to ascertain and identify the items authorized to be searched for and seized." (Doc. 45 at 25-26.) The court's point – evidently lost in its choice of words – was that the alleged failure of particularity claimed by Defendant was at most a minor deficiency that did not render the warrant "plainly invalid" or undermine the officers' good faith reliance on the presumptive validity of the warrant. *Cf. United States v. Dozier*, No. 5:19-CR-40096-HLT, 2021 WL 1925697, at *5 (D. Kan. May 13, 2021) (citation omitted) (*Leon* "is an objective test and not every deficient warrant is so deficient as to render an officer's reliance on it objectively unreasonable. … This means that a court must still review the text of the warrant and the circumstances of the search to determine whether an officer might have reasonably presumed the warrant to be valid.")

**C. Chrysler search**. The court rejects Defendant's arguments pertaining to the search of the Chrysler as contrary to the facts shown by the evidence. As the court attempted to make clear, the evidence showed that the dog alerted immediately and positively when it detected an odor of drugs emanating from a magnetic box attached underneath the Chrysler. The fact that the driver's door may have been opened previously and remained *slightly* ajar at the time of the sniff had no impact or effect on the dog's alert to the box under the car based on the evidence presented. That point is best demonstrated by video of the dog sniff, which shows the dog clearly reacting to an odor coming from under the car, not to any "seam" in the driver's door. Defendant's assertion that the opening of the door "revealed information about the car's interior" to the dog and thereby "tainted his positive indication" is contrary to the clear evidence at the suppression hearing. The opening of the driver's door had no effect or impact on the dog's alert. Similarly, the evidence shows there was no exploitation of any unlawful entry into the interior of the Chrysler (assuming

one occurred), as the probable cause arising from the dog sniff was completely independent of any such search.  *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (suppression turns on whether evidence "has been come at by exploitation of [an] illegality or instead by means sufficiently distinguishable to be purged of the primary taint.")

**IV.  Conclusion**

Defendant's motion for reconsideration (Doc. 50) is DENIED.  IT IS SO ORDERED this 26th day of April, 2023.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT COURT